IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | CASE NO. 2:07-CR-25-WKW |
| ) | |
| CLIFFORD FERGUSON ) | |
| ) | |

**<u>ORDER</u>**

This case is before the Court on the defendant's Motion to Continue (Doc. # 14) the trial date. The criminal case is currently set for trial during the June 4, 2007 term. For the reasons set forth below, the Court finds that the trial should be continued pursuant to 18 U.S.C. § 3161(h).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70 day period any continuance based on "delay resulting from any pretrial motion," § 3161(h)(1)(F), as well as "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A).

The Court finds that the ends of justice served by continuing this trial outweigh the best interest of the public and Mr. Ferguson in a speedy trial. In support of his Motion to Continue, Mr.

Ferguson represents that his motion to suppress is pending and the existing trial date may not provide sufficient time to resolve the motion.

Accordingly, it is ORDERED that the defendant's Motion to Continue (Doc. # 14) is GRANTED. Trial in this matter is continued from June 4, 2007, to the criminal term of court beginning on August 6, 2007. However, counsel for defendant may inform the court closer to the August docket as to specific scheduling conflicts. Those specific conflicts will be considered when presented.

DONE this 16th day of May, 2007.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE