IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * CASE NO. 2:07CR25-WKW |
| | * |
| CLIFFORD FERGUSON, | * |
| | * |
| DEFENDANT. | * |

**OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

Comes now Clifford Ferguson and files this his formal objection to the Magistrate's Report and Recommendation regarding his suppression motion and in support thereof states the following:

Ferguson considers his motion and supporting law in conjunction with the facts to be dispositive, and adopts the same by reference as if fully set forth herein. Ferguson contends that the Magistrate Reports and Recommendations reached the wrong conclusion from the disputed facts.

**FACTS (Page 1) - Paragraph 2**

The Court states "Autrey could immediately smell the strong odor of raw marijuana emitting from the van". Ferguson would remind the Court that his report stated only that he smelled the odor of burnt marijuana. It was not until the Government realized burnt marijuana odor was insufficient to extend the search beyond the passenger section of the vehicle that the AUSA proposed a leading question to Autrey that he too smelled raw marijuana.

**Page 3, 4, last paragraph and first paragraph**

The Court concluded that the tag light on the van was operational because there was no evidence to the contrary Ferguson argues.

That the video tape of the stop shows the tag light to be illuminated. Despite Autrey's explanation that resulted from the headlights on his vehicle combined with his white take down lights, it is self-evident those same lights would have illuminated Ferguson' tag while the officer

followed giving the appearance the tag light was working and negating probable cause for the stop.

**Probable Cause to Search , Pages 4 and 5**

Ferguson understands the case law cited by the Court. However, he reiterates the argument made at the suppression hearing that the officers search exceeded the scope of a smell of burnt marijuana. It was an after thought that Autrey, as a Government witness, added to his probable cause findings left out of his report incident to the search, that he too smelled raw marijuana.

"Probable cause to search a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence.... In a case involving raw marijuana, this court has held that the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage.... [T]his court has established a commonsense distinction between the smells of burnt and raw marijuana based on the imperative that the scope of a warrantless search is defined by the object of the search and the places in which there is probable cause to believe that it may be found .... [T]he smell of burnt marijuana is generally consistent with personal use of marijuana in the passenger compartment of an automobile. In such a case, therefore, there is no fair probability that the trunk of the car contains marijuana and an officer must limit the search to the passenger compartment absent corroborating evidence of contraband.... When, on the other hand, an officer encounters, as was the case here, the overpowering smell of raw marijuana, there is a fair probability that the car is being used to transport large quantities of marijuana and that the marijuana has been secreted in places other than the passenger compartment. Accordingly, in such circumstances, a search of the trunk is appropriate." *U.S. v. Downs*, 151 F.3d 1301, 1303 (10th Cir. 1998).

After all, the odor of burnt marijuana would have only permitted the search of the passenger portion of the vehicle not the rear compartment where the large quantity of marijuana was eventually found.

**As to Footnote 2**

Ferguson argues that the search of the passenger area of the car was not based on probable cause from a traffic violation and therefore made illegal the search and seizure of items in the passenger area. Based on this argument the search of the rear cargo area would not have been necessary "incident to an lawful arrest."

Respectfully submitted,

> s/Susan G. James
> SUSAN G. JAMES
> Attorney at Law
> 600 South McDonough Street
> Montgomery, Alabama 36104
> Phone: (334) 269-3330
> Fax: (334) 834-0353
> E-mail: sgjamesandassoc@aol.com
> Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick
United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

> s/Susan G. James
> SUSAN G. JAMES
> Attorney at Law
> 600 South McDonough Street
> Montgomery, Alabama 36104
> Phone: (334) 269-3330
> Fax: (334) 834-0353
> E-mail: sgjamesandassoc@aol.com
> Bar No:  ASB7956J64S