IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr0025-WKW |
| | ) | |
| CLIFFORD STRONG FERGUSON | ) | |

GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above case. All of the instructions are 11th Circuit Pattern Instructions.

Respectfully submitted this 29th day of October, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 2.1

**DUTY TO FOLLOW INSTRUCTIONS**
**PRESUMPTION OF INNOCENCE**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

3

**Definition of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

4.2

**Evidence - Direct and Circumstantial**

**Argument of Counsel and**

**Comment of Court**

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

5

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

9.

**On or About - - Knowingly - - Willfully**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

10.2

**Caution - - Punishment**

**(Single Defendant - - Multiple Counts)**

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

4

**<u>Possession</u>**

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

6.3

**Impeachment—Inconsistent Statement**

**(defendant testifies with felony conviction)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.  [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crimes for which the Defendant is on trial.]

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

2.1

**Confession—Statement (Single Defendant)**

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

***ANNOTATIONS AND COMMENTS***
*United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994), *cert. denied*, 115 S.Ct. 1801, 131 L.Ed.2d 728 (1995) approved similar instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

**<u>Possession of a Controlled Substance</u>**

Title 21, USC Section 844(a), makes it a Federal crime or offense for anyone to possess a "controlled substance".

Marijuana is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:   That the defendant knowingly and intentionally possessed marijuana, as charged in the indictment; and

Second:  That the defendant possessed the marijuana knowingly.

.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

Eleventh Circuit Pattern Jury Instructions, Criminal

MODIFIED OFFENSE INSTRUCTION 35.2

## Carrying/Possessing a Firearm During or in Furtherance of a Drug Trafficking Offense or Crime of Violence

18 USC 924(c)(1)(A)(i)

Title 18, United States Code, Section 924(c)(1)(A)(i), makes it a separate Federal crime or offense for anyone to use or carry a firearm during and in relation to, or possess a firearm in furtherance of a drug trafficking crime.

The Defendant can be found guilty of that offense as charged in Count 2 of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First: That Defendant committed the drug trafficking offense charged in Count 1 of the Indictment;

Second: That during the commission of that offense the Defendant knowingly carried or possessed a firearm as charged; and

Third: That the Defendant carried the firearm "in relation to" or possessed the firearm "in furtherance of" a drug trafficking crime.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

**The term "drug trafficking crime" means any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act.  The unauthorized or illegal possession with the intent to distribute marijuana is a "drug trafficking crime."**

To carry or possess a firearm means that the defendant either had a firearm on or around his person or transported, conveyed or controlled a firearm in such a way that it was available for immediate use if the defendant so desired during the commission of the drug trafficking offense; and to carry a firearm "in relation to" an offense means that there must be a connection between the defendant, the firearm, and the drug trafficking offense so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity.

To possess a firearm "in furtherance" of an offense means something more than mere presence of a firearm; it must be shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The indictment charges that the Defendant knowingly carried a firearm during and in relation to a drug trafficking offense and possessed a firearm in furtherance of a drug trafficking offense.  It is charged, in other words, that the Defendant violated the law as charged in Count Three in two separate ways.  It is not necessary, however, for the Government to prove that the defendant violated the law in both of those ways.  It is sufficient if the government proves, beyond a reasonable doubt,  that the defendant knowingly violated that law in either way; but, in that event, you must unanimously agree upon the way in which the defendant committed the violation.

**Some factors that would help determine whether a particular defendant's possession furthers, advances, or helps forward a drug trafficking offense might include: the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found**. See United States v. Ceballos-Torres, 218 F. 3d 409, 414, 415 (5th Cir. 2000); United States v. Basham, 268 F.3d 1199 (10 Cir. 2001); United States v. Timmons, 283 F.3d 1246 (11th Cir. 2002); United States v. Sparrow, 371 F.3d 851 (3rd Cir. 2004).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12

Eleventh Circuit Pattern Special Jury Instructions, Criminal

8

**<u>Deliberate Ignorance (as Proof of Knowledge)</u>**

When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the Defendant is aware of a high probability of its existence, unless the Defendant actually believes that it does not exist.

So, with respect to the issue of the Defendant's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the Defendant believed that he possessed marijuana, a controlled substance, and deliberately and consciously tried to avoid learning that there was marijuana in the package so possessed in order to be able to say, if apprehended, that he did not know the contents of the package, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find that a Defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that the Defendant actually knew that he possessed marijuana; or (2) that he deliberately closed his eyes to what he had every reason to believe was the fact.

I must emphasize, however, that the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that the Defendant was negligent, careless or foolish.

Annotations and Comments

United States v. Stone, 9 F.3d 934, 937 (11th Cir. 1993), cert denied, 513 U.S. 833 115 S.Ct. 111, 130 L.Ed.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.

United States v. Aleman, 728 F.2d 492, 294 (11th Cir. 1984), this instruction should be given only if there are facts that suggest the Defendant consciously avoided knowledge, not when the Defendant has actual knowledge; see also United States v. Rivera, 944 F.2d 11563, 1570-72 (11th Cir. 1991) (describing circumstances in which deliberate ignorance instruction is appropriate) and United States v. Perez-Tosta, 36 F.3d 1552 (11th Cir. 1994) (approving a similar instruction).

See also Basic Instruction 9.1.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr0025-WKW |
| | ) | |
| CLIFFORD STRONG FERGUSON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan G. James, Esq .

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov