IN THE DISTRICT COURT OF THE UNTIED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA  *
    PLAINTIFF,  *
v.  * CASE NO. 2:07-CR-0025-WKW
      *
CLIFFORD STRONG FERGUSON,  *
      *
    DEFENDANT.  *

### MOTION FOR RECONSIDERATION OF RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL AND MEMORANDUM IN SUPPORT THEREOF

Comes now Clifford Ferguson, by and through his counsel Susan G. James, and files this motion for reconsideration of the Court's denial dated November 14, 2007 and memorandum in support of the previously moved Rule 29 Judgment of Acquittal and in support states the following:

**Procedural History**

On Thursday, November 8, 2007, Clifford Ferguson moved for a Rule 29 Judgment of Acquittal at the close of the Government's case. This Honorable Court reserved ruling on this matter. On November 14, 2007 this Court denied the motion (Docket Number 49). Specifically, Ferguson moved against Count I of the indictment on the element of intent and Count II on the elements of "carrying a firearm during and in relation to a drug trafficking offense" and /or "possessing a firearm in furtherance of a drug trafficking offense." The focus of this memorandum is on Count II.

**Count I of the Indictment**

Count I of the indictment alleged that Clifford Strong Ferguson possessed marijuana with the intent to distribute it. The intent to distribute is statutory by weight of the controlled substance. A further jury instruction charged that if the jury did not find an intent to distribute, simple possession should be the conviction. In this case, the government did not prove any intent to distribute that any rational juror could find beyond a reasonable doubt. The only evidence presented to the jury proved 2.91 lbs of marijuana and nothing more. Without any evidence of a transaction, such as an informant, scales, baggies, or cash, the government did not meet its burden and this Court should overrule any alleged intent the jury found.

## Count II of the Indictment

Count II of the indictment alleged a violation of 18 U.S.C. § 924(c). Section 924(c) states a violation against the United States whenever any person "during and in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm…shall be sentenced to a term of imprisonment for not less than five years[.]"

## Controlling Law

Ferguson, along with the Government, contended that *United States v. Timmons*, 283 F.3d 1246 (11th Cir. 2002) controlled this issue. *Timmons* gives a brief history of this pertinent code section and delineated the above-referenced elements that 924(c) comprises: "To sustain this conviction the government must have sufficient evidence on both the "uses or carries" prong and the "during and in relation to" prong. *Timmons* at 1250.

*Timmons* stated that "in relation to" requires that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or mere coincidence. Instead, the gun must at least facilitate or have the potential of facilitating the offense.

*Timmons* defined "furtherance" as "a helping forward" and held that a conviction under 924(c) requires that the prosecution establish that the firearm helped, furthered, promoted, or advanced the drug trafficking." Some factors determined by this court as relevant to proving the nexus between the firearm and drug operation included the following: the type of drug activity being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found. *Id.* quoting *Ceballos-Torres*, 218 F.3d at 462. *Ceballos-Torres* determined that these factors were necessary to "distinguish from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." *Id.*

The proximity, nexus, and accessibility of the firearm to the trafficking is the issue before this honorable Court. As shown previously in the Eleventh Circuit, along with other Circuits, the prosecution must offer some evidence of this nexus before any rational trier of fact could determine this issue. The evidence presented by the prosecution in this case at best proved only mere coincidence or presence of the firearms offering no accessibility or nexus to any trafficking offense. The government did not meet its burden.

### The Government's Burden

Evidence is sufficient to support a conviction where after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979).

Evidence Presented in the Government's Case-in-Chief

The prosecution called its first witness, former deputy sheriff Autery to testify and explain the night of June 15, 2006. Autrey testified that there were two firearms found in the cargo compartment of the van, in the same bag the marijuana was found. ATF Agent Jennifer Rudden testified that she traced the guns and one of them was stolen.

### Analysis

While suggestive of the non-exhaustive list of *Ceballos-Torres* factors, this proved nothing in furtherance of or in relation to any drug trafficking offense. The firearms found never proved operable. The proximity of the firearms to the drugs was mere coincidence and neither immediately or readily accessible to Ferguson. Furthermore, Agent Rudden admitted on the stand that no evidence existed that Ferguson had any link to the theft of the stolen firearm other than constructive possession. This Circuit looked to the Fifth Circuit for indicative factors of proximity, and should look to other Circuits as well, to distinguish "mere presence" from "in furtherance of".

In 1995, The Supreme Court held that §924(c) mandates "...active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Bailey v. United States*, 516 U.S. 143 (1995). As discussed in **Timmons, the**

mere presence of a firearm where a criminal act occurs in not a sufficient basis for imposing a mandatory sentence. The facts of this case exemplify the holding of *Bailey* and the reason this Court should grant this Rule 29 motion for judgment of acquittal.

### Proximity

The fact that the firearms were found in the same bag as the marijuana proved coincidence only, as the evidence showed only one bag existed in the entire van, and that bag was totally inaccessible to the passengers. The existence of one bag explains why the drugs and firearms were found in close proximity to each other. Furthermore, the firearms were zipped up in a separate compartment of the bag, not packed in with the marijuana.

### Accessibility

Mere possession of illegal drugs and firearms together does not satisfy the legislative intent of § 924(c). In *U.S. v. Mann*, 389 F.3d 869 (9th Cir. 2004), the prosecution failed to prove a nexus between a trafficking activity and firearms even though the distance between the two was minimal. In *Mann*, a defendant kept a firearm in a locked safe inside his parked truck on a campground site. The prosecution proved the defendant manufactured methamphetamine at that campground and kept a key to the safe at the site. The Ninth Circuit held that the government did not meet its burden because the firearm was not readily accessible to the defendant; no proof existed of the firearm's use in furtherance of any drug trafficking activity.

Earlier cases in this Circuit involving firearms in furtherance of or in relation to drug activity showed readily accessible firearms in proximity to the persons whom possessed them. In *United States v. Range*, 93 F.3d 614 (11th Cir. 1996), the firearm in the vehicle lay under the front seat floor mat in close proximity to the driver. In *United States v. Farris*, 77 F.3d 391 (11th Cir. 1996), the gun in question was found in the glove compartment, in the front passenger compartment of the vehicle. Even in *Timmons*, the firearm lay on the dashboard of the vehicle, easily within reach of the passenger.

Much like *Mann*, this case is distinguishable from these previous Eleventh Circuit cases, as testified to by Deputy Autery. Deputy Autery testified that once in the passenger

compartment of the van, there was no way to access the guns or marijuana without getting out and going to the rear cargo compartment, where everything besides the two passengers was stored. This testimony from the only government witness on the issue proved the guns were not easily or readily accessible. According to Deputy Autery, the van would have to be stopped, and anyone inside the passenger compartment would physically have to get out of the van. From there, the passenger must walk to the cargo compartment located at the rear of the van, open the door, and retrieve the firearms that were zipped up in their own compartment. This is similar to *Mann* in the fact that proximity is present but nexus is not.

### Operability of the Firearms

The fact that the government did not prove or even present any evidence that the firearm was operable distinguishes this case from the legislative intent of 924(c). *Timmons* explains that the firearm must have some purpose or effect with respect to the drug trafficking crime as opposed to a wall-mounted antique or an unloaded hunting rifle. Without any evidence that the firearms found were operable, there is no difference in the prosecution's presented proof. Because no presented evidence showed working condition of the firearms, they are merely coincidental to the drugs, and bear no relation to or furtherance of any trafficking offense.

### Status of the Firearm

The fact that the firearm proved stolen is not enough to convict under § 924(c). "Mere illegality, while sufficient to support a conviction where only possession is required is insufficient evidence of in furtherance of." *Mann* at 880. Agent Rudden's testimony that the gun turned out stolen had no impact on Ferguson, but rather inferred his possession went toward "in furtherance of" a trafficking offense. Agent Rudden admitted that no link existed or even suggested that Ferguson had anything to do with the theft of the pistol. The prosecution presented no evidence that it was illegal for Ferguson to possess a firearm. The agent further testified that Ferguson claimed the other firearm, which he legally possessed. To use the status of the stolen pistol as in furtherance of a trafficking offense is to undermine the legislative intent.

While it is true that stolen firearms are indicative of illegal activity, it bears no weight against Ferguson under § 924(c) and alone is insufficient for any juror to find guilt in this matter.

Looking to the time and circumstances surrounding the finding of the firearms allegedly connected to the marijuana, no nexus existed apart from proximity. The prosecution's evidence proved no paraphernalia, scales, sales, cash, and no information linking Ferguson to any drug trafficking activity. The Deputy's patrol video produced statements from Ferguson admitting to smoking marijuana in that same van earlier on the day in question and nothing more.

Before reaching the factual determination of "in furtherance of" or "during and in relation to" a drug trafficking offense, there must be proof of more than coincidence and presence of the firearms. Furthermore, there must be proof of a drug trafficking activity. The prosecution's case-in-chief presented nothing more than a quantity of 2.91 lbs. of actual marijuana, and firearms that are likely inoperable. Because no proof of furthering, advancing, or promoting any alleged trafficking activity is available, only a question of law exists and no rational trier of fact could have enough information to make an informed decision. The government did not meet its burden in this matter.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick
United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

    s/Susan G. James
    SUSAN G. JAMES
    Attorney at Law
    600 South McDonough Street
    Montgomery, Alabama 36104
    Phone: (334) 269-3330
    Fax: (334) 834-0353
    E-mail: sgjamesandassoc@aol.com
    Bar No: JAM012