IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 02:07cr25-WKW |
| ) | |
| CLIFFORD STRONG FERGUSON ) | |

RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION
OF RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion For Reconsideration Of Rule 29 Motion For Judgment Of Acquittal, and in support of its response, the United States sets forth the following:

I.   Procedural Facts.

On February 22, 2007, a grand jury returned a two-count indictment against Clifford Strong Ferguson ("Ferguson") charging him in Count 1 with possession with the intent to distribute marijuana in violation of Title 21, United States Code, Section 841(a)(1). Count 2 charged Ferguson with using and carrying a firearm during and in relation to or possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c). The jury was selected on November 5, 2007, and the trial commenced on November 8, 2007. At the conclusion of the government's case in chief, the defendant requested a judgment of acquittal wherein Ferguson argued that in Count 1 the government had failed to prove intent, and in Count 2 the government failed to prove that the firearm was used or carried in relation to a drug trafficking offense or was possessed in furtherance of a drug trafficking offense. Ferguson presented his defense and again requested a Rule 29 at the conclusion of the

defense's evidence. The district court judge entered an Order denying both motions for judgement of acquittal on November 14, 2007. (Doc. 49). Ferguson filed the pending motion for reconsideration of his motion for a Rule 29 judgment of acquittal alleging the same grounds presented at the conclusion of the government's case in chief. (Doc. 50).

II.     Legal Analysis.

In his motion, Ferguson argues that a Rule 29 judgment of acquittal should be granted since (1) the government failed to prove intent to distribute in Count 1; and (2) the government failed to prove that Ferguson used or carried the firearms during and in relation to a drug trafficking offense or that he possessed the firearms in furtherance of a drug trafficking offense as charged in the indictment. In support of his motion for reconsideration, Ferguson's reliance on United States v. Timmons, 283 F.3d 1246 (11th Cir. 2002), is not supportive. To the contrary, the facts and legal holdings in Timmons support the jury's guilty verdicts.

    A.     The evidence was sufficient to support a finding that the defendant possessed marijuana with the intent to distribute it.

The government presented evidence at trial that the defendant provided a post Miranda statement wherein he admitted that a leather travel bag was given to him by a person he only knew as "Jock."[1] According to Ferguson's statement, Jock was going to ride to Kentucky with Ferguson, and at the last minute, decided not to ride. Ferguson told the interviewing officers that Jock gave him the bag to take to Kentucky. Ferguson further stated that Jock was going to call him and tell him where to take the bag and Jock would pay him for taking the bag to Kentucky. Jock also said he may tell Ferguson where to meet him or have someone else meet Ferguson to

---

[1] The summary of the facts are based upon the government's recollection since a transcript is not available at this time.

retrieve the bag. Ferguson told the officers that he did not know what was in the bag. Officer Robbie Autery testified that the two firearms were located in the side compartment of the travel bag. The bag also contained six gallon-size bags of marijuana, two small bags of marijuana, and ecstacy pills. The travel bag was located in the back of the van, siting on a bullet proof vest. Ferguson admitted that the .25 caliber pistol belonged to him, but stated that he did not know anything about the 9mm pistol. Special Agent Jennifer Rudden testified that the 9mm firearm was reported stolen in Kentucky. Notwithstanding that Ferguson was from Kentucky, there was no testimony that Ferguson stole the firearm.

The jury was instructed that "to 'possess with intent to distribute' simply means to possess with the intent to deliver or transfer possession of a controlled substance to another person, with or without financial interest in the transaction." In <u>United States v. Gardiner</u>, 955 F.2d 1492, 1495 (11th Cir. 1992), the Eleventh Circuit held that intent to distribute a controlled substance may be inferred form the quantity possessed. Based upon the quantity of marijuana in the travel bag, 2 firearms, a bullet proof vest, and the defendant's own statement to law enforcement, there was sufficient evidence to support the jury's verdict that Ferguson possessed the six bags of marijuana with the intent to transfer them or distribute them to another person. Ferguson admitted that he was going to deliver or transfer the bag to Jock and he would be paid upon delivery.

  B. The evidence was sufficient to support the jury's verdict that the defendant used or carried the firearms in relation to a drug trafficking offense or possessed them in furtherance of the drug trafficking offense.

The facts in this case support that Ferguson possessed the firearms during and in relation to a drug trafficking offense and possessed the firearms in furtherance of the offense. The

government need only show either that the firearms were used or carried in relation to, or possessed in furtherance of the drug offense. See Timmons at 1246-1247. In giving the word "furtherance" its plain meaning and applying the factors as charged in the jury instruction, the jury had an abundance of evidence on which to sustain a conviction. The court instructed the jury to consider "whether a particular defendant's possession furthers, advances, or helps forward a drug trafficking offense" by considering "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

      The defendant was transporting six gallon-size bags of marijuana from Atlanta, Georgia, to Kentucky with information from an individual he knew only as "Jock." The evasive information shared by drug carriers is typical of the drug trade to avoid being caught. The firearms were made immediately accessible to protect the drugs by placing the firearms in a compartment next to the marijuana. The defendant had two loaded firearms, each housing a live round of ammunition in the chambers. One of the firearms was stolen from Kentucky. Finally, the marijuana and firearms were located based upon a traffic stop. Officer Autery testified that the defendant had traveled quite a distance away from the direct route of his destination.

      In Timmons, the drugs and the gun were in a single shoe-box. The court reasoned that "it would flout the purpose of the statute to hold anything but that the gun was carried 'during and in relation' to the drug offense." Also in Timmons, the Eleventh Circuit, (quoting Smith v. United States, 508 U.S. 223, 240, 113 S.Ct. 2050, 2060 (1993)), stated that the basic purpose of the 924(c) statute is an effort to combat the 'dangerous combination' of 'drugs and guns.' Therefore,

the jury could consider the totality of the facts in this case, applying the instructions provided by the court, to conclude that Ferguson carried the firearms in relation to the drug trafficking offense and possessed the firearms in furtherance of the drug trafficking offense.

## CONCLUSION

For reasons stated above, the defendant's motion for reconsideration of Rule 29 Judgment of Acquittal should be DENIED.

Respectfully submitted this 28th day of November, 2007.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Tommie Brown Hardwick
> TOMMIE BROWN HARDWICK
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104
> (334) 223-7280
> (334) 223-7135 Fax
> tommie.hardwick@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:07cr25-WKW |
| | ) | |
| CLIFFORD STRONG FERGUSON | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan G. James, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
tommie.hardwick@usdoj.gov