IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No. 2:07-cr-0025-WKW |
| ) | |
| CLIFFORD STRONG FERGUSON ) | |

### ORDER

This matter is before the court on the defendant's Motion for Reconsideration of Rule 29 Motion for Judgment of Acquittal (Doc. # 50) filed on November 16, 2007. The court has carefully considered the grounds set forth in the motion and the government's opposition (Doc. # 52). For the reasons stated herein, the motion is due to be denied.

### I. BACKGROUND

The defendant was charged with a two-count indictment on February 22, 2007. (Doc. # 1.) Count One charged that the defendant "did knowingly and intentionally possess with intent to distribute marijuana" in violation of 21 U.S.C. § 841(a)(1). (*Id.*) Count Two charged that the defendant "did knowingly use and carry a Bryco, Jennings Nine, 9mm caliber firearm, and a Raven Arms, Model P-25, .25 caliber firearm, during and in relation to a drug trafficking offense . . . and did possess said firearms in furtherance of a drug trafficking offense" in violation of 18 U.S.C. § 924(c)(1)(A)(I). (*Id.*)

The defendant's trial commenced on November 8, 2007. The government presented evidence that on or about June 15, 2006, Ferguson was pulled over on Interstate 65 in Chilton County, Alabama for a blown tag light. During the traffic stop, Ferguson told the state

trooper that he was coming from Atlanta and on his way to Louisville, Kentucky. The trooper then advised Ferguson that he was off course by about three to five hours. The trooper later conducted a search of the van which led to the discovery of two small bags of marijuana and a small bag containing about twenty ecstasy pills. In the very rear part of the van, the trooper also discovered a leather bag containing six bundles of marijuana weighing 2.91 pounds and, in a side compartment of the bag, two handguns. One of the handguns turned out to be stolen from a man in Kentucky; the other belonged to Ferguson. Both guns were loaded and contained live rounds in their chambers. According to Ferguson, a man known only as "Jock" asked him to carry the bag to Kentucky for him, and that Jock would then call and tell him what to do with the bag.

At the conclusion of the Government's evidence, Ferguson requested a judgment of acquittal, on which this court reserved ruling. At the close of Ferguson's defense, he again requested a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The jury convicted Ferguson on November 9, 2007, and this court denied both motions for judgment of acquittal in a written order dated November 14, 2007 (Doc. # 49). Ferguson filed his motion for reconsideration of his Rule 29 motions on November 16, 2007. (Doc. # 50.) The Government responded (Doc. # 52) and the motion is now ripe for resolution.

## II. STANDARD OF REVIEW

The test in considering a Rule 29 motion for judgment of acquittal is whether, viewing

all evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that evidence established guilt beyond a reasonable doubt. *See United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987).

### III. DISCUSSION

Ferguson asserts that he is entitled to the entry of a judgment of acquittal on two grounds: (1) that the Government failed to prove intent in Count One; and (2) that the Government failed to prove that the firearm was used or carried in relation to a drug trafficking offense or was possessed in furtherance of a drug trafficking offense. The government opposes both grounds.

*A.    Count One: Intent Argument*

Ferguson claims that the Government did not prove he had the intent to distribute the marijuana found in his van because there is no "evidence of a transaction, such as an informant, scales, baggies, or cash." (Doc. # 50.) The absence of this type of transactional evidence is not dispositive, however. In *United States v. Gardner*, the Eleventh Circuit held that a jury could reasonably infer an intent to distribute from the amount of the controlled substance in a defendant's possession, and from a defendant's travel arrangements. 955 F.2d 1492, 1496 (11th Cir. 1992). In addition to smaller amounts of drugs, perhaps of a size more associated with personal use, Ferguson also possessed six-gallon sized bags of marijuana weighing approximately 2.91 pounds. A jury could reasonably infer such a large amount of

3

marijuana was not for personal use, but for drug trafficking. When also considered with evidence that Ferguson was hours off track from the direct route to his intended destination in Kentucky, the evasive information concerning "Jock" and the origins of the bag, and the marijuana's proximity to two loaded firearms, the jury could reasonably infer Ferguson knowingly and intentionally possessed the marijuana with intent to distribute it.

B.     *Count Two: In Relation or In Furtherance Argument*s

Ferguson also claims that the Government did not prove the two firearms were used or carried in relation to a drug trafficking offense or possessed in furtherance of a drug trafficking offense. Ferguson and the Government agree that *Timmons* applies to this issue. *United States v. Timmons*, 283 F.3d 1246 (11th Cir. 2002). The Government need only prove the firearm was used in relation to *or* in furtherance of a drug trafficking offense – not both. *Id*.

The "in relation to" prong of the statute "clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Id.* (quoting *Smith v. United States*, 508 U.S. 223, 238 (1993)). A firearm must facilitate or have the potential to facilitate the drug trafficking offense. *Id.* The two firearms in Ferguson's vehicle were located in the same bag as the 2.91 pounds of marijuana – both were loaded with live rounds of ammunition in their chambers. Loaded guns within easy reach of a large stash of drugs certainly has the potential to facilitate a drug trafficking offense in a wide variety of ways, ranging from violent

protection of the illegal drugs to quiet intimidation of others. Under the circumstances of the evidence presented by the Government, the jury could reasonably conclude the guns were not there by virtue of an accident or coincidence, and instead related to the drug trafficking offense.

In order to prove the "furtherance" prong of the statute, the Government can establish the required nexus between the firearm and the drug selling operation by "'the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.'" *Id.* at 1253 (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)). The jury received instructions that tracked the language of these factors (Doc. # 43, at 8), and the Government presented abundant evidence applicable to the stated factors.

Most, if not all, of the *Timmons* factors tend to establish the "in furtherance" prong of the statute against Ferguson. Ferguson argues under the proximity factor that the guns were inaccessible to him or his passenger, and therefore not in his proximity. It is the firearm's proximity to the drugs that constitute this factor – not the defendant's – and it is undisputed the firearms were contained within the very same bag as the guns. Therefore, this factor tends to prove the firearms were in furtherance of drug trafficking.

Ferguson also argues under the accessibility factor that because he could not readily

access the guns while driving, the firearms are not readily accessible to him and therefore cannot be used in furtherance of the drug trafficking offense. Ferguson cites a Ninth Circuit case as support for his argument that the firearms were not in furtherance of a drug trafficking offense. *United States v. Mann*, 389 F.3d 869 (9th Cir. 2004). In *Mann*, the court held that two guns locked in a safe inside of a truck was insufficient evidence supporting the jury verdict that the firearms were in furtherance of a drug trafficking offense. *Id.* at 879-80. Besides only consisting of persuasive authority rather than binding authority, *Mann* is distinguishable from the case at hand on a number of ways. Most importantly, the drugs were not located in the vehicle in which the guns were found. The drugs were in a tent, and the guns were located in a truck parked outside of a tent used for the production of methamphetamine. *Id.* Furthermore, the guns were kept inside of a locked safe and the key was kept in another tent. *Id.* Ferguson's guns were not locked up separate from the drugs – they were found in the same bag. While Ferguson's guns may not have been easily accessible while the van was being driven, they were certainly accessible in the event he needed to access or distribute the drugs or within seconds after stopping the van. Therefore, this factor also tends to prove the firearms were in furtherance of drug trafficking.

Ferguson further claims that the fact that one of the firearms was stolen is not enough to support his conviction because nothing connected him to the theft of the gun. The factor says nothing about whether the defendant actually stole the weapon; it simply asks whether the weapon is stolen. The Government presented credible evidence that one of the firearms

was stolen, and did not need to prove Ferguson actually stole it (nor did the Government suggest he stole it). Because the gun was stolen, Ferguson's possession of the gun was also illegal. Both these factors tend to work against Ferguson.

Finally, Ferguson claims that the Government failed to prove the firearms were operable, and therefore have not proven the guns furthered the drug trafficking offense. Ferguson cites no authority for this proposition, which the court finds dubious. The *Timmons* factors do not mention operability, and the fact that both guns were loaded with live rounds, suggests Ferguson believed them to be operable as well. Regardless, this would only be one of many factors and the jury could have reasonably relied on plenty of the other factors and still properly come to a conclusion of Ferguson's guilt as to Count Two beyond a reasonable doubt. Therefore, based on the evidence presented by the Government and the factors consistent with *Timmons* as instructed to the jury, the jury could reasonably conclude the firearms were carried in relation to or in furtherance of a drug trafficking offense and that the Government proved this element beyond a reasonable doubt.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that the defendant's motion for reconsideration of his previous Rule 29 motion for acquittal (Doc. # 50) is DENIED.

DONE this 13th day of February, 2008.

                                                 /s/ W. Keith Watkins
                                                 UNITED STATES DISTRICT JUDGE