IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * CASE NO. 2:07CR25-WKW |
| | * |
| CLIFFORD FERGUSON, | * |
| | * |
| DEFENDANT. | * |

SENTENCING MEMORANDUM

**I. INTRODUCTION**

[E]very lawyer engaged in defending criminal cases knows that often a finding of guilt is a foregone conclusion and that the real issue centers about the severity of the punishment. *Smith v. United States,* 223 F.2d 750, 751 (5th Cir. 1955).

The *Booker* decision has two parts. In the first part, the Court held that the Federal Sentencing Guidelines, promulgated pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, violated a defendant's right to a jury trial under the Sixth Amendment. This was so because the Guidelines required a judge to find facts that can increase a defendant's sentence beyond what could be imposed solely based on the jury's verdict. As a remedy, in the second part, a different majority of the Court severed two parts of the Act, 18 U.S.C. § 3553(b)(1), which made the guidelines mandatory, and 18 U.S.C. §3742(e), which mandated a *de novo* standard of review. With these modifications, the Court noted that "the Federal Sentencing Act . . . makes the Guidelines effectively advisory." *Booker*, 125 S. Ct. at 757.

The return to the exercise of true judicial discretion in sentencing is explained in these words of the Supreme Court:

> We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issue presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on

1

> district judges . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

Booker, 125 S. Ct. at 750 (citations omitted).

With the decision by the United States Supreme Court that the Federal Sentencing Guidelines were unconstitutional, its Booker decision holds that a defendant's Sixth Amendment rights are violated where the mandatory guidelines required judges to find facts resulting in specific sentencing consequences having the effect of increasing a defendant's sentence beyond that range which would apply either by a jury's verdict or by a plea of guilty by the defendant. The Court, in a separate majority opinion, which has been described as the "remedial" opinion, deemed that the guidelines are now merely "advisory" and that district judges are to "consider" the guideline ranges presented in the sentencing context while having the discretion to form a sentence in light of other statutory concerns, specifically those presented in 18 U.S.C. §3553(a). Id.

## II. WHAT MUST BE CONSIDERED IN POST-BOOKER SENTENCING

Post-Booker the guidelines become but one of several factors to be considered by the court in the sentencing process. First, the guideline range, including policy statements are to be considered under 18 U.S.C. § 3553(a)(4) and (5) as an advisory guide. Applicable departures under the guidelines are also to be considered.  Now the courts must also consider the statutory directives presented in other parts of § 3553(a) as well as the Congressional directive that "No limitation shall be placed on the information concerning the background, character and conduct of" the defendant in the course of the sentencing process. 18 U.S.C. § 3661.  In other words the court is free to sentence just like it did pre-November 1987.

## III.  CONSIDERATION OF THE 3553(A) FACTORS IN THIS CASE

The Court should consider the need for the sentence to reflect the seriousness of the offense and the need to deter Ferguson and others from committing further crime. *See* §

3553(a)(2). Further, the Court can and should consider the panolopy of other mitigating arguments now permissible under *Booker*.

### A. The Defendant

Cliff Ferguson is a first offender, by virtue of his 924(c) conviction, facing a minimum five year prison term. He has had a long history of substance abuse, much of which was revealed at trial. The drug guidelines for the six pounds of marijuana have been estimated by probation at 8 to 14 months. There is nothing in this case that suggests he should receive any sentence to exceed 60 months.

There was no evidence of drug sales or intelligence suggesting that Ferguson was doing any more than transporting marijuana for someone else or for personal use.

He would obviously benefit from the Bureau of Prisons residential drug treatment program. He is a business owner and has dependent children. The sentence imposed should be the least possible to provide Ferguson the opportunity upon release to resume a normal, productive, and law abiding life.

Sixty months is sufficient for deterrence purposes and would not depreciate the seriousness of the offense conduct, nor promote disrespect to the law.

### B. Family Ties

Ferguson has a good relationship with family. Under the guidelines, family ties are not ordinarily relevant to determining the sentence. U.S.S.G. § 5H1.6. But under § 3553(a), the history and characteristics of the defendant, including his family ties, are pertinent to crafting an appropriate sentence. (See Exhibit 1)

As noted earlier Ferguson has three children ages 3, 5, and 9. He has a good relationship with them and is actively involved in their rearing. These children will suffer as a result of their father's incarceration and as such the separation should be the least possible.

### C. Substance Abuse

As noted at trial, Ferguson has been a substance abuser most of his life having started using alcohol at a very early age. Ferguson's mother testified at the trial about her son's drug and alcohol use and it is clear this has cost him dearly in all aspects of his life. The most telling is his present predicament wherein he faces a minimum of 60 months in prison.

This argument is not offered for any reason other than, but for, substance abuse Clifford Ferguson's life would have been totally different. He is a very smart and capable individual who has allowed alcohol and drugs to control his life and severely impair his judgment.

Ferguson does not require additional months of punishment beyond that which is statutorily mandated in order to be rehabilitated or to learn from his mistakes.

### C. Punishment Adequate For Accountability and Deterrence Purposes

Clifford Ferguson has lost his job, his career, and his reputation. He has a felony conviction. When Ferguson leaves prison he will have to start over. These factors are punishment in and of themselves. The Court may now take this into consideration in fashioning an appropriate sentence.

As required by law, the minium sentence available to the Court is 60 months on the 924(c) conviction. Counsel concedes the two weapons were located in the bag with the marijuana. However, Ferguson has no history of violence nor was there any evidence that the weapons were possessed to promote or facilitate a drug trafficking offense. Absent the gun conviction, Ferguson would only face 8 to 14 months in jail. That sentence would have provided for alternatives to straight prison.

### D. Cooperation

Ferguson had contacted the undersigned's office and advised he is assisting law enforcement in unrelated matters in Kentucky. Counsel has not been able to verify this information. However, if developed and confirmed, Counsel will advise the Court at sentencing for the appropriate action.

## IV.  CONCLUSION

For all of these reasons, and for the reasons to be stated on the record at the sentencing hearing, the minimum sentence  is warranted.

Respectfully submitted,

>s/Susan G. James
>SUSAN G. JAMES
>Attorney at Law
>600 South McDonough Street
>Montgomery, Alabama 36104
>Phone: (334) 269-3330
>Fax: (334) 834-0353
>E-mail: sgjamesandassoc@aol.com

Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

>s/Susan G. James
>SUSAN G. JAMES
>Attorney at Law
>600 South McDonough Street
>Montgomery, Alabama 36104
>Phone: (334) 269-3330
>Fax: (334) 834-0353
>E-mail: sgjamesandassoc@aol.com
>Bar No: ASB7956J64S

February 11, 2008

Dear Honorable Judge Watkins,

I am writing you in regards to my brother Clifford Ferguson. I am a part of a generation that longs for acceptance from our peers. As a result of that we do things that are not the smartest but the easiest and fastest at that time. I am no different and neither is my brother. The truth is set aside from the mistakes. Clifford is a gentle loving person. He is a excellent father!! He loves his children more than anything in the world and they love him even more! He has a son that is so kind and amazing at such a young age. I don't want my nephew to lose that gift he has by being a part of this generation and making the same stupid mistakes. I was talking to my nephew today and little Clifford says to me, "Auntie Angel, I want to see you really, really bad!" I can only imagine how he will feel when I am just the aunt with him wanting to see his dad whom he adores! My nephew needs his father to teach him how to grow up to be a better man. My brother's little girl is the prettiest, happiest, toddler I have ever seen!! My niece can light up a room with just one little look! She needs her dad to show her how a man is supposed to treat a lady. I believe if we had more positive male role models in our everyday life that showered us with love, affection, and knowledge this world would be a better place. I beg of you to please have mercy on my big brother so he can help stop this generational genocide with at least these two little precious children! I am worried; no I am terrified of them going through this journey of life without him. I know that we have to pay the consequences for our actions and I also know that God forgives for our sins; even storms pass after a few days. I pray that you find in your heart to give this man another chance to do right by his family if not for him for the children. I also pray that whatever punishment you decide for him it is not for a too extended term because those kids need him while they are still young. My brother is not perfect we have our differences but his heart is full of love. I would go without food or water if it would save him and his kids. I have not given birth to any children but his kids feel like my own. I love them so much, sometimes I feel their pain. I never thought that I could love two little people like I love them. I don't want history to repeat itself so please have mercy on my big brother Clifford. He has the potential to be a greater man than he already is! He is an entrepreneur with many bright ideas that we're working on, where he can benefit society and his community!! It's sad that this has come right in the middle when things were finally prevailing after so many years of trials and tribulations. I also need you to have mercy because of our mother. She has been through so much and I know she needs her son and now more than ever he needs her. Once again, I beg that you please take these things into consideration.

Sincerely,

Angel Dewanna Palmer

February 12, 2008

**Dear Honorable Judge Watkins:**

I am Dorothy Strong, I was born in Alabama and graduated from high school in Alabama and shortly afterward, I moved away and all of my siblings and relatives still live in Alabama. I come from a close niche family with spiritual beliefs. I am the ninth child of ten children. We all are devastated about the situation with my son Clifford Strong Ferguson.

With very little understanding of the Federal Justice System, I write to you in behalf of the child, the man, the father, the husband, the brother, the businessman, the productive citizen, Clifford Strong Ferguson, my son, which whom you are preparing to sentence.

Most parents think highly of their children, as I do mine and just the same our thoughts are often bias, but I ask that you please bear with me as I expatiate and to go a step further to even expostulate. Not that dissuasion or correction is even needed at this time for you have yet to make a decision, but it is very difficult not to go on the offense when one has seen the recommended sentence from the prosecution. I pray that this miscarriage of justice is not forwarded and compelled upon my son and our family.

Clifford has put himself in the path of turmoil and injustice by allowing himself to become addicted to alcohol, marijuana and only he and GOD knows what else. It is to my knowledge that he has been addicted to alcohol and marijuana since his teen years. With that being said, he had no malicious intent to distribute marijuana or any other drug. His greatest crime is the harm he caused himself by taking drugs. Therefore, it's my hope that you use some of the millions of dollars that President Bush, has allotted for the treatment of drug addicted offenders, opposed to incarceration. My son needs help for his addiction and his mental state of mind. He has been on medication before and the medication has helped tremendously. It is my understanding he has been clean since his arrest and has been trying very hard to improve his life style. Therefore, sentencing him for the time the prosecutor is asking you to do, will only perpetuate the ever growing problem in our community, the separation between father and son! Clifford has sought help before and checked himself into an in-patient drug program in Louisville, KY, in July or August of 2000. Obviously he had yet to conquer his addiction at the time of his arrest. Ironically, it was that vary arrest that scared Clifford enough to do an about face and walk away from that which impeded his judgment for so many years; from that which is the nexus to the case at hand...from drugs! It was a lesson learned a day late, for the damage is done and a price must be paid. I just pray that this honorable court finds leniency when determening Clifford's sentence.

I know that Cliff has done things in his life that he regrets as we all have made mistakes. I am not condemning the things my son has done but I blame myself for not doing more about his drinking problem when he was younger and not continuing to find help for him

and following up. Once he graduated from high school, I was so busy and occupied with the business we owned I lost focus on my son and his problems. I have always been a concerned mother and I would always stay in touch but some how I did not realize how much he still needed me. He needed help. He waited a long time to get married and start a family. I was so excited when Little Clifford was born, I felt this would really turn Clifford's life around and he would stop drinking and at this time I did not know he was still using any drugs. Two years later he was a father again and this time a baby girl, British who loves her father and they both need him in their life and he love those children so much: therefore, I pray that you have mercy on my son, and not send him away for a long time but get him help in a program and get him back on his medication.

Judge Watkins I cannot understand that so many of our sons and daughters are being sentenced to so many years in prison for drugs whether they are selling or using them, when the one bringing drugs to this country get off free or only a short time in prison. The Justice system gives less time to murderers, sex offenders, child molesters, rapists, how can this be? My son is not any of these people. He would never hurt anyone but himself. He is a caring and a devoted father

My son Clifford was found guilty of having a gun, a vest and marijuana in his van at the time the police pulled him over at which time the police had no reason to stop him and search his van. They said they smelled marijuana, because he had been smoking marijuana or because it smelled through all the wrapping. I did not know that people that smoked marijuana, sold it to. If so, they would not have enough to do both especially the small amount they confiscated from his van which the prosecutor never mentioned how much as I know of. I read the papers when I fist came to Montgomery with my son and in the documents I read it stated that the one of the guns that was found in his van, once was confiscated by the police in a robbery. How did that gun get back on the streets and in the hands of my son? Please explain that to me. My step-granddaughter told me that one of the Jurors was sleeping while the trial was going on and another one was in pain and another one was a diabetic and needed her medicine. Just maybe all of the distraction of the Jury they did not grasp the whole case and maybe my son did not get a fair trial and should get another chance. I got a feeling when I was in the court room with you Judge that you are a fair and just man of the court system. Therefore, I ask of you again and I pray that you have mercy on my son and I ask God to have mercy on you and put in your heart to make the right decision.

Sincerely,

*Dorothy Strong*
Dorothy Strong