IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         PLAINTIFF | )<br>)<br>) |
| VS. | ) CASE NO.: 2:07CR25-WKW<br>) |
| CLIFFORD FERGUSON,<br>         DEFENDANT | )<br>) |

## MOTION FOR JUDGMENT OF ACQUITTAL IN THE ALTERNATIVE FOR NEW TRIAL OR ARREST OF JUDGMENT

Comes now the defendant, Clifford Ferguson, Pro-se, pursuant to Rules 33 and/or 34 of the Rules of Federal Rules of Criminal Procedures. Moves the court to enter a judgment of acquittal in the above-styled action in favor of the defendant or in the alternative, defendant moves the court to set aside the judgment entered on 11 November, 2007, and grant the defendant a new trial, or in the alternative, defendant moves the court to arrest judgment on the following grounds:

1. That on 15 May, 12007, the defendant moved this Honorable Court in a motion to suppress. The court schedule and/or heard on 6 June, 2007, before Judge Susan Russ Walker.

2. The trial court denied defendant's motion to suppress on 9 September, 2007.

3. That on 8 November, 2007, jury trial began before a Judge William Keith Watkins.

4. That during jury trial, on direct examination of Deputy Autery, the court heard evidence concerning the traffic stop on a white Ford van driven by defendant on 15 June, 2006.

The video surveillance tape revealed that, the white ford tail lights was operative and/or that Deputy Autery did not have proper cause to stop, detain, and/or arrest defendant.

On direct examination, Deputy Autery testified that he wanted to arrest defendant before the alleged traffic stop even occurred. The detention of defendant was unreasonable and in violation of Fourth Amendment.

A suspicion based on such a mistaken view of the law cannot be reasonable suspicion required for the Fourth Amendment, because the justification for a traffic stop must be objectively grounded. In other words, if an officer makes a traffic stop based on a mistake of law, the stop violated the Fourth Amendment. <u>United States v. Twilley</u>, 222 F.3d 1092, 1096 (9th Cir. 2000); <u>Bivens v. Six Unknown Narcotics Agents</u>, _____ (11th Cir.).

5. That, in conjunction with Alabama Code 1975, Section 12-2-30, establishes administrative procedures for the accountability, use, and summary disposition of the Uniform Traffic Ticked and Complaint (UTTC) for non-felony traffic infractions prosecuted in the courts of the State of Alabama.

To prevent the improper issuance of traffic tickets and to prevent a law enforcement officer or other person from tearing up a ticket, there are strict accountability requirements for each and every Uniform Traffic Ticket and Complaint issued to law enforcement officers<u>. Lawrence v. State</u>, 601 So. 2d 194 (Ala. Crim. App. 1992).

Likewise, to prevent law enforcement officer who utilizes traffic stops under pretext, from turning a routine traffic stop into a narcotics investigation, the Alabama

Supreme Court imposed strict accountability requirements once the "UTTC" is signed by the defendant, the law enforcement officer is mandated to forward release him. See: Uniform Traffic Ticket and Complaint (UTTC) _____.

6. That the defendant's counsel failed to disclose at, and/or during trial, that Deputy Autery was terminated by the Chilton County Sheriff Department, prior to trial.

7. That the defendant's lawyer failed to communicate the governments offer to plea.

In United Sates ex rel. Caruso v. Zelinsky, 639 F.2d 435 (3${}^{rd}$ Cir. 1982), the defendant alleged that offer. The Caruso Court held that: "[t]he decision to reject a plea bargain offer . . . is a decision for the accused to make . . . a failure of counsel to advise his client of plea bargain . . . constitute [s] a gross deviation from accepted professional standards". Id. at 438 (citations omitted).

The First Circuit held that "in the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution and that failure to do so constituted ineffective assistance of counsel under the Sixth and Fourteenth Amendments". Id at 902.

8. That the defendant's lawyer failure to disclose to the court the fact that Deputy Autery was terminated from the Chilton County Sheriff Department, severely prejudiced defendant's chance of fair trial.

Suspension is appropriate when a lawyer has not acted with intent to deceive the court, but when he knows that material information is being withheld and does not inform the court, with the result that there is injury or potential injury to a party or an

adverse or potentially adverse effect on the legal proceeding. See: In Re Nigohosian, 88 N.J. 308, 442 A.2d 1007 (1982).

The defendant was injured and the adverse effect on the legal proceeding was unfair and/or prejudice his right to a fair trial.

Dated: 24th February, 2008

Respectfully submitted,

/s/ Clifford Ferguson
P. O. Drawer 159
Montgomery, Alabama 36101

Kelli Wilson  7-30-08

NOTARY PUBLIC OFFICIAL SEAL
KELLI WILSON
State of West Virginia
Federal Bureau of Prisons-FCI Gilmer
My Commission Expires
July 24, 2016
P.O. Box 5000
Glenville, WV 26351

## CERTIFICATE OF SERVICE[1]

I hereby certify that I did serve a copy of the notice of appeal upon the opposing party, via U.S. mail, and properly addressed below:

Tommie Brown Hardwick
U.S. Attorney's Office
P. O. Box 197
Montgomery, Alabama 36101-0197

Done this the 24th day of February 2007.

/s/ Clifford Ferguson
P. O. Drawer 159
Montgomery, Alabama 36101

Kelli Wilson 7-30-08

NOTARY PUBLIC OFFICIAL SEAL
KELLI WILSON
State of West Virginia
Federal Bureau of Prisons-FCI Gilmer
My Commission Expires
July 24, 2016
P.O. Box 5000
Glenville, WV 26351

---

[1] The defendant hand delivered the foregoing to the prison guards to be mailed on 24th February, 2008, pursuant to Houston v. Lack, 487 U.S. 266 (1988) (prison mail-box rule).

5