IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| PLAINTIFF   ) | |
| ) | |
| VS.   ) | CASE NO.: 2:07CR25-WKW |
| ) | |
| CLIFFORD FERGUSON,   ) | |
| DEFENDANT   ) | |

## NOTICE OF APPEAL AND/OR APPOINTMENT
## OF COUNSEL ON APPEAL

Comes now the defendant, Clifford Ferguson, Pro-se, in the above styled cause, and hereby files this his written Notice of Appeal and/or Appointment of Counsel on Appeal. And in support herein states the following:

1. That the United States District Court is requested herein, to appoint defendant counsel on direct appeal pursuant to the Criminal Justice Act of 1964, 18 U.S.C. § 3006A.

2. That the defendant is seeking to proceed in Forma Pauperis on appeal that has been previously verified at sentencing. And provided to this court in the Presentencing Investigation Report, prepared by the United States Probation Office.

3. That the defendant moves for appointment of counsel on appeal.

4. That the defendant is filing for and/or will argue on direct appeal that his trial counsel will argue on direct appeal that his trial counsel was ineffective during the pre-trial, trial, and/or sentencing phases of his trial proceedings as follows:

i) Counsel (Susan James) failed to represent defendant during suppression hearing[1]; that,

ii) Counsel failed to disclose at trial, that Deputy Autery has been terminated from the Chilton County Sheriff department; that,

iii) Counsel (Susan James) failed to appear on the final day of trial during jury deliberation and/or object to misapplication of "Furtherance" element of count 2 U.S.C. 924 (c) (1) (A) (i); that,

iv) Counsel failed to disclose government's plea offer to defendant; and that,

v) Counsel could have, but failed to object and/or review Presentencing Investigation Report with defendant.[2]

Dated: 24th February, 2008

Respectfully submitted,

/s/ Clifford Ferguson
P. O. Drawer 159
Montgomery, Alabama 36101

---

[1] The <u>Florida Bar v. Lehman</u>, 417 So. 2d 648 (Fla. 1982), a lawyer abandoned his practice and kept approximately 450 pending client matters. The clients suffered injuries; one client's statute of limitation ran and many of the clients never recovered money paid to the lawyer as fees.

[2] In <u>Re Logan</u>, 70 N.J. 222, 358 A.2d 787 (1976), a lawyer who neglected a client matter was reprimanded when knowing that a motion for reduction of alimony was dependant on the court's examination of his client's tax return, he failed to file a copy of the tax return with the court. See also: <u>Hunt v. Disciplinary Board of the Alabama State Bar</u>, 381 So. 2d 52 (Ala. 1980).

# CERTIFICATE OF SERVICE[3]

I hereby certify that I did serve a copy of the notice of appeal upon the opposing party, via U.S. mail, and properly addressed below:

Tommie Brown Hardwick
U.S. Attorney's Office
P. O. Box 197
Montgomery, Alabama 36101-0197

Done this the 24th day of February 2007.

/s/ Clifford Ferguson
P. O. Drawer 159
Montgomery, Alabama 36101

---

3 The defendant hand delivered the foregoing to the prison guards to be mailed on 24th February, 2008, pursuant to Houston v. Lack, 487 U.S. 266 (1988) (prison mail-box rule).

Clifford Ferguson) 10266-033
Gilmore
P.O. Box 6000
Glenville WV 26351
2008

CLARKSBURG, WV
AUG 6
PM
2008

Middle District of Alabama
Office of Clerk, U.S. District Court
P.O. BOX 711
Montgomery, AL 36101-0711

FCI Gilmer, P.O. Box 5000, Glenville, WV 26351

Date _____8-5-08_____

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address."