IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 AUG -8  A 11: 55

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| PLAINTIFF | ) | |
| | ) | |
| VS. | ) | CASE NO.: 2:07CR25-WKW |
| | ) | |
| CLIFFORD FERGUSON, | ) | |
| DEFENDANT | ) | |

## MOTION FOR RELEASE ON BOND
## PENDING APPEAL

Comes now the defendant, Clifford Ferguson, Pro-se, pursuant to Title 18 United States Code, Section 3143 (b)(B)(i)(iii) & (iv), and moves for release on bond pending appeal and in support thereof states the following:

1. That the defendant will argue on appeal, that the district court abused its discretion when it denied defendant's motion to suppress.

2. That the evidence presented at and/or during trial clearly demonstrated that Deputy Autery stopped the defendant on pretext, in order to evade the Fourth Amendment rights requirement of a search warrant. At trial, Deputy Autery testified that his arterial motion was to search the defendants van for drugs.

3. The evidence at trial further revealed that the van tail lights was clearly operative, therefore Deputy Artery did not have "proper cause" to stop the defendant.

4. That based upon the foregoing facts, the defendant argues that the merits (that will be raised on direct appeal) for relief meets "exceptional reason" justifying release on appeal bond. See: <u>United States v. Moncrief</u>, 289 F. Supp. 2d 1311 (M.D. Ala. 2003) (Raising a "substantial question" potentially justifying release pending appeal of

1

federal defendant sentenced to a term of imprisonment is close question, on that very well could be decided the other way.).

5. That the defendant's appeal raises a substantial question (whether the district court abused its discretion when it denied defendant's motion to suppress, where the evidence at trial clearly revealed that Deputy Autery stopped on defendant on pretext, when the van tail lights were clearly operative), potentially justifying defendant's release pending appeal is close question, one that very well could be decided the other way. See: United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985).

6. That the defendant claims that his trial counsel was ineffective, where she failed to inform him that the government had made a plea offer.

   The Sixth Circuit in Turner v. Tennessee, 858 F.2d 1201 (6th Cir. 1988), vacated on other grounds, 592 U.S. 902, 109 S.Ct. 3208, 106 L.Ed. 2d 559 (1989), aff'd, 940 F.2d 1000 (6th Cir. 1991), cert. denied, ____ U.S. ____, 112 S. Ct. 915, 116 L.Ed. 2d 815 (1992), held that on attorney's incompetent advice resulting in the defendant's rejection of a plea offer constituted ineffective assistance of counsel. Id at 1205.

## CERTIFICATE OF SERVICE[1]

I hereby certify that I did serve a copy of the notice of appeal upon the opposing party, via U.S. mail, and properly addressed below:

Tommie Brown Hardwick
U.S. Attorney's Office
P. O. Box 197
Montgomery, Alabama 36101-0197

Done this the 24th day of February 2007.

/s/ Clifford Ferguson
P. O. Drawer 159
Montgomery, Alabama 36101

---

[1] The defendant hand delivered the foregoing to the prison guards to be mailed on 24th February, 2008, pursuant to Houston v. Lack, 487 U.S. 266 (1988) (prison mail-box rule).